[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Madelin DeLeon and Johnny Rhodes, by writ, summons and complaint, dated April 24, 1997, brought his action in three counts; Count One for breach of contract of lease, Count Two for violation of CUTPA, and, Count Three for discriminatory housing practice. The defendants, Carl L. Charton and Ted Charton, on January 8, 1998, filed CT Page 6655 their answer and special defenses to the plaintiffs amended complaint, dated October 27, 1997.
After a full trial, all parties present and represented by counsel, the court, by a preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The defendants are owners of an apartment building located at 471 Charton Place, Middletown, Connecticut. The plaintiffs engaged in negotiations for the lease of an apartment at said address. On July 1, 1996, the parties entered into a written lease, the terms of which included a rental payment of $680.00 per month. The defendants agreed to deposit $680.00 as security in addition to their monthly payments. The defendant, Johnny Rhodes paid towards the security deposit, the sum of $500.00. No other sums were paid to the defendants towards the plaintiffs obligation under the lease, that is, to pay a security deposit in the amount of $680.00:
The defendants provided the plaintiff; Johnny Rhodes, with a receipt for the $500.00, Rhodes paid towards the security deposit.
Both Rhodes and DeLeon were on governmental assistance which provided them with rental supplements upon their showing a written lease and a receipt for the rent.
Although a receipt was provided to Rhodes, DeLeon requested an additional receipt for $500.00 dollars so that she could be eligible for an additional rental supplement. Such a procedure, two receipts for one deposit, presented for rental supplements from two difference governmental agencies is improper and illegal.
The defendants, who owns in excess of 100 apartments and has a long history of dealing with governmental agencies, lease their apartments without discrimination to many minority persons, disabled persons and those in need of rehabilitation.
The defendants knew that the plaintiffs request was unlawful and refused to provide false receipt. The plaintiff; Rhodes stated to the defendants that the plaintiffs could not afford the rent without the double supplement. The defendants stated that they would let the plaintiffs out of the lease and return the $500.00 dollar payment.
The defendants returned the $500.00 dollar payment to the plaintiffs who accepted and cashed the defendants' check in that amount. CT Page 6656
The court expressly concludes that the parties mutually rescinded the contract of lease when the defendants returned the plaintiffs security deposit and the plaintiffs accepted and cashed same.
Further, the court also finds that the plaintiff breached the terms of the lease by paying only $500.00 towards the required $680.00 security deposit.
Prior to trial, the plaintiffs withdrew the second and third counts of their complaint, Count Two sounding in CUTPA violation and Count Three sounding in discriminatory practice.
Accordingly, judgment is entered for the defendants on Count One of the plaintiffs complaint, with costs.
 SPALLONE STATE TRIAL REFEREE